L. F. DALTON, Respondent, v. A. D. WILLIS and HELEN WILLIS, Appellants, No. 41285—228 S. W. (2d) 709.

Division Two, March 13, 1950.
Rehearing Denied, April 10, 1950.

*Phillips & Phillips* for appellants.

*Tedrick & Tedrick* for respondent.

TIPTON, J.—The respondent filed this action in the circuit court of Butler County, Missouri, to recover possession of a certain tract of land in that county. By their answer and counterclaim the appellants claim title to this land on the grounds of a parol gift to them by respondent, and by adverse possession. The trial court found that there was no oral gift of this tract of land and that appellants' possession of it was permissive. He found respondent was entitled to possession of this tract of land; that respondent was not entitled to any damages; and that the reasonable rental value of this land was $2.50 a month which was to be paid to respondent from the date of the judgment. From this decree, the appellants have duly appealed.

The respondent is the grandfather of the appellant A. D. Willis. Soon after this appellant was born, his father left Poplar Bluff, Missouri, and has never been heard from by any of respondent's family. Shortly thereafter this appellant was brought by his mother to the home of respondent, her father, and he lived there until he was

married. When he was about 8 years old his mother remarried and she lived several places, finally moving to California, but she left this appellant with respondent. Respondent's wife died in 1942. He had only two children, this appellant's mother and a son, Romey, who is a carpenter and building contractor.

The appellants were married November 30, 1928, and on April 26, 1929, the respondent deeded them a tract of land 50 by 100 feet on which to build a home. This lot was on a highway just north of Poplar Bluff. The city limits were later extended and it is now within the city. It was part of a large tract of land owned by respondent who lived near the lot he gave the appellants. The appellants built a home on this lot. Work was hard to find in Butler County in the spring of 1930 and appellants went to Pontiac, Michigan to seek employment. While there they stayed with the uncle, Romey Dalton. He was working there at the time. Unable to find employment, they returned to Poplar Bluff. The appellants testified that they began to talk about moving to California but respondent did not want them to leave. Appellant A. D. Willis told his grandfather that if they stayed he would need more ground than he had. The respondent then told them if they would stay he would give them more land. He went out on the back porch of appellants' home, pointed out to the hillside, and told them they could use it for a garden. He then pointed out to the part of the tract south of the garden, including that lying between their lot and the property immediately south thereof, and stated to them that they could have that tract for their outbuildings. This was a very irregular tract of land. On the other hand, respondent's testimony was to the effect that he did not give appellants the land but allowed them to use it, and they did so with his permission until he served notice on them to vacate the tract in question just a short time before he filed this suit.

 In their brief, appellants state that the only question in this case is whether a gift of the property involved was made by the respondent to the appellants. We agree with them that that is the principal question before us. It is not disputed that appellants were put in possession by an oral arrangement between respondent and them in the year 1930. But the real question is whether it was a gift, as contended by the appellants, or whether the respondent merely gave his grandson and his wife permission to use this tract of land. If it was a gift, as contended by the appellants, then the burden of proof is on them to show it by clear and convincing testimony. Mississippi Valley Trust Co. v. John F. Weber & Bro. Grocery Co., 347 Mo. 739, 148 S. W. 2d 578.

 Appellants' evidence tended to prove that respondent gave them the land if they would stay in Butler County and look after him and his wife, and not go to California. This alleged agreement was made in the year 1930. Some time subsequent to this alleged agree-

ment, appellant A. D. Willis leased from respondent a clay pit or mine on the large tract of land of which the tract in question is a part. The lease was drawn up by this appellant. A reading of the same shows that appellant was a man of some education and would know about how lands should be conveyed. Both appellants testified that they knew no reason why respondent could not have deeded this tract of land in 1930 or at any subsequent time. He gave them the lot on which their home was built in 1929 and executed a deed for it. There is some evidence that appellants fenced the garden, however, there is other evidence that they only fenced a part of it as there was some fence around a part of it.

In 1943 appellants deeded two acres north of Poplar Bluff to the respondent. When appellant A. D. Willis was asked why he did that his answer was, ''I gave him the deed as an added inducement to get the paper title on this property in suit.'' It seems to us that if the respondent in 1930 actually gave appellants the land in question and put them in possession as the owners thereof, then it was not necessary to give respondent an added inducement to get title to the land in question. In other words, if respondent gave them the land in 1930, no additional inducement 13 years later was needed to vest title in them.

Romey E. Dalton testified that after the death of his mother this appellant came to him and said that the 50 by 100 foot lot was not enough land, and that he wanted this witness to join in a deed with respondent and give him this tract of land. On one occasion when this witness was fixing a hydrant near the home of this appellant and respondent was present, this appellant stated that if the respondent would not give or sell him more land he would get it anyway, and even threatened them. On cross-examination this appellant admitted he made some kind of a threat.

The respondent's testimony was to the effect that he merely let appellants use the land, that he did not give them the land, and that they used the land with his permission up until the time he served notice on them to vacate the land in question.

The evidence is disputed, but since the trial chancellor saw and heard the evidence to support the gift of the land in question and believed that the respondent did not give the land in question to appellants, we will defer to his findings. Adams v. Moberg, 356 Mo. 1175, 205 S. W. 2d 553.

Since there was no gift of the land in question, appellants' possession was with the permission of the respondent. Mere possession of the land for the requisite statutory period is insufficient to vest appellants with title because the possession must be adverse. Welsh v. Brown, 339 Mo. 235, 96 S. W. 2d 345. Permissive possession is not adverse possession. Since appellants' possession was permissive,

334

they cannot get ▮▮▮ title to this land by adverse possession. Eaton v. Cates, 175 S. W. 950.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.