**Kenneth BROKHAUSEN and Alice Brokhausen, his wife, Plaintiffs–Appellants,**

v.

**John WAUBANSEE and Ronna Waubansee, his wife, Defendants–Respondents.**

No. 24124.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 29, 2002.

Abe R. Paul, The Paul Law Firm, P.C., Pineville, for appellants.

Greg R. Bridges, Evenson & Carlin, L.L.C., Pineville, for respondents.

PHILLIP R. GARRISON, Presiding Judge.

At issue is the propriety of the trial court's judgment denying the adverse possession claim of Kenneth Brokhausen and Alice Brokhausen (collectively referred to as "Plaintiffs," or "Plaintiff Brokhausen" when referring to Kenneth Brokhausen). The property in dispute (the "disputed property") is a triangular parcel of approximately .47 acres that joins the west boundary of property to which Plaintiffs' have record title ("Plaintiffs' tract"). John Waubansee and Ronna Waubansee (collectively referred to as "Defendants," or "Defendant Waubansee" when referring to John Waubansee) have record title to the property adjoining Plaintiffs' tract on the west ("Defendants' tract"), which includes the disputed property. The west side of the disputed property is marked by a fence that has been used as a division fence between the two tracts.

Elwyn and Marie Wellesley (the "Wellesleys") owned Defendants' tract from August 1981 to July 1984.[1] They also owned Plaintiffs' tract from October 1982 to December 1995. Therefore, between October 1982 and July 1984, the Wellesleys held record title to both tracts, including the disputed tract. Defendants purchased their tract in 1987 by way of a trustees deed when a deed of trust by the Wellesleys was foreclosed. Defendant Waubansee testified that shortly after purchasing their property, he discovered that their east boundary extended east of the fence. He said that he then gave Mr. Wellesley permission to use the disputed tract. The Wellesleys sold Plaintiffs' tract to Orian Keith Hinshaw ("Hinshaw") in December 1995. Defendant Waubansee testified that he also informed Hinshaw of his claim to the disputed tract, and that he would permit Hinshaw to use the tract until it was surveyed. When Plaintiffs moved onto their tract in 1996,[2] Defendant Waubansee said he asked Plaintiff Brokhausen if he was aware of his claim to the disputed tract; Plaintiff Brokhausen told him that he was not; and Defendant Waubansee told him he also could use it until it was surveyed. There was testimony that later, Plaintiff Brokhausen said he was going to survey the property and would like to buy the disputed tract if he could afford it. Plaintiffs did have the property surveyed, and entered into negotiations with Defendants for its purchase but they were unable to agree on the price. Plaintiffs then filed the suit that led to this appeal.

1. The Wellesleys sold what was later to become Defendant's tract to people named Taylor in July 1984. That sale was apparently subject to a deed of trust executed by the Wellesleys.

2. Plaintiffs apparently agreed to purchase the property from Hinshaw under a contract for deed and took possession in 1996. They obtained record title to their tract in 1999.

The trial court found that the Wellesleys owned both Plaintiffs' and Defendants' tracts from 1985 to 1987, that this ownership had the effect of "nullifying the fence as a boundary," and that no claim of adverse possession could accrue during that period.[3] It also held that Plaintiffs failed to prove that the Wellesleys' use of the disputed tract was hostile and under a claim of right in light of Defendant Waubansee's testimony that he gave Mr. Wellesley permission to use the disputed tract; and there was a failure of proof concerning whether the possession of Hinshaw, who purchased Plaintiffs' tract from the Wellesleys, was hostile and under a claim of right. Additionally, the trial court found that Plaintiffs had been in possession of the disputed tract less than ten years. Accordingly, it found that the Plaintiffs' evidence did not establish their claim for adverse possession.

 To establish title to a tract of land by adverse possession, a claimant must prove by a preponderance of evidence that his possession of the land was (1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years. *Flowers v. Roberts*, 979 S.W.2d 465, 469–70 (Mo.App. E.D.1998). A claimant's period of adverse possession may be tacked to his predecessors in title to establish the requisite ten-year period. *Id.* at 470. The failure to establish any one of the elements will necessarily defeat the claim. *Id.*

 In their sole point on appeal, Plaintiffs contend that the trial court erred in finding that they failed to prove, by a preponderance of the evidence, all of the elements necessary to establish title to the disputed property by adverse possession. As we interpret their brief, they base this appeal on the contention that the Wellesleys acquired title to the disputed tract by adverse possession between July 7, 1984 (the date of the sale of Defendants' tract by the Wellesleys to the Taylors), and December 1, 1995 (the date of the sale of Plaintiffs' tract from the Wellesleys to Hinshaw). Therefore, the use and possession of the disputed tract prior to the common ownership of both Plaintiffs' and Defendants' tracts by the Wellesleys is not in issue.[4]

 The evidence demonstrated that the disputed tract was possessed by the Wellesleys from July 1984 to December 1995. As indicated above, however, all of the elements of adverse possession must have been present during that time period. Included in those elements is the condition that the possession be hostile. Permissive use will not support a claim of adverse possession because hostile possession is lacking. *Strubberg v. Roethemeyer*, 941 S.W.2d 557, 560 (Mo.App. E.D.1997); *Ross*

---

**3.** According to the documentary evidence, the Wellesleys owned both tracts from October 1982 to July 1984. This discrepancy is not, however, fatal to the trial court's judgment.

**4.** This may be in recognition of the effect of common ownership of adjacent tracts of land that are the subject of a dispute concerning adverse possession. In *Patton v. Smith*, 171 Mo. 231, 71 S.W. 187, 190 (1902), our Supreme Court said that, among other things, issues of whether possession of a part of one tract was hostile became "immaterial" when the adjacent tracts came under common ownership. Courts in other states have also considered the effect of common ownership on claims for adverse possession. In *Salazar v. Terry*, 911 P.2d 1086, 1089–90 (Colo. banc 1996), the court said that common ownership of two adjacent tracts destroyed a prior acquiescence of a fence as a boundary, and "[s]imilarly, the ... clock, for purposes of adverse possession, also began again." It said that for both purposes the time began to run when the parcels were separated. *Id.*

*Farms, Inc. v. Moore,* 873 S.W.2d 308, 309 (Mo.App. S.D.1994).

■ Defendant Waubansee testified that a few months after he purchased his tract, he told Mr. Wellesley that he had permission to continue to use the disputed tract. The trial court included in its findings that Plaintiffs failed to prove that Wellesleys' use of the disputed tract was hostile and under a claim of right in light of Defendant Waubansee's testimony. It is significant that the trial court obviously believed the testimony of Defendant Waubansee on the issue of permissive use of the disputed tract. Credibility of the witnesses and the weight to be given their testimony is for the trial court, which is free to believe none, part or all of the testimony of any witness. *Keller v. Friendly Ford, Inc.,* 782 S.W.2d 170, 173 (Mo.App. S.D.1990). We may not substitute our judgment for that of the trial court on credibility issues. *Id. See DeBold v. Leslie,* 381 S.W.2d 816, 820 (Mo.1964), affirming the trial court's finding that permissive use was established by a landowner's testimony that, upon acquiring record title, he told an adjoining owner that he could continue to use a piece of the property.

Even though Plaintiffs do not rely on the possession of the disputed tract by Hinshaw from December 1995 to June 1996 when Plaintiffs took possession of the property, we note that the record similarly indicates that Defendant Waubansee said that he told Hinshaw that the fence was not on the true line and that he also had permission to use the disputed tract until it could be surveyed. The trial court also noted that Plaintiffs failed to prove that Hinshaw's possession was hostile and under a claim of right "since no evidence was presented by Hinshaw or of Hinshaw's intent."

Finally, as noted by the trial court, even if Plaintiffs' possession of the disputed tract would have complied with the elements of adverse possession, it had existed only from 1996. Plaintiffs' possession, therefore, had not been of a sufficient period of time to ripen into title.

For the above reasons, we hold that Plaintiffs have failed to demonstrate error by the trial court. The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.