**Charlsie O'DELL, Respondent,**

v.

**Mary MEFFORD, Appellant,**

**Amy Mefford Nash, Josh Crabtree, and Caleb Crabtree, Defendants.**

**No. WD 66266.**

Missouri Court of Appeals, Western District.

Jan. 9, 2007.

Connie J. Clark, Osage Beach, MO, for appellant.

Jason A. Paulsmeyer, Jefferson City, MO, for respondent.

Before THOMAS H. NEWTON, Presiding Judge, PATRICIA BRECKENRIDGE, Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Mary Mefford appeals from a judgment entered in the Circuit Court of Cole County finding that Charlsie O'Dell was the rightful owner of a piece of real property located at 124432 United Road in Cole County, Missouri, quieting title in O'Dell's favor, and ejecting Mefford and her daughter from that property. For the following reasons, we affirm the trial court's judgment.

On November 19, 1975, James and Lucille Bryan purchased a 1971 Olympic mobile home. They placed that mobile home

on a piece of property they owned at 124432 United Road in Cole County, Missouri. Later in the 1970s, Mr. Bryan placed the mobile home on a permanent foundation, "bricked-in" the mobile home to the foundation, and added an extra room and a porch.

After Mrs. Bryan's death in 1989, Mr. Bryan continued to live in the home by himself. Between 1994 and 1997, Mefford and her children resided, from time to time, with Mr. Bryan in the home.

Bryan executed a Beneficiary Deed for the property on May 12, 1998, naming his sister, Charlsie O'Dell, as the beneficiary. That deed was recorded with the Cole County Recorder of Deeds on May 14, 1998.

Mr. Bryan's health deteriorated in 2001, and he moved out of the home and went to live with O'Dell in Illinois. After moving to Illinois, Mr. Bryan rented out the home until his death on June 21, 2004.

On July 18, 2004, Mefford moved back into the home with her adult daughter, Amy Nash. Mefford claimed to have title to the property by way of a Certificate of Title to the mobile home issued by the Missouri Department of Revenue. On July 28, 2004, O'Dell, through her attorney, posted a letter on the door of the mobile home informing Mefford that O'Dell had title to the property and asking her to vacate the premises. O'Dell subsequently filed a petition in the Circuit Court of Cole County seeking to quiet title the property and an order ejecting Mefford and her daughter from the premise. In response, Mefford filed her answer and counter-claim, asking the court to find her the rightful owner of the property and asserting various alternative causes of action.

After the case was tried to the court, on November 2, 2005, the trial court entered its judgment in favor of O'Dell, finding her to be the rightful owner of the property and quieting title in her favor. The trial court found that the mobile home had been made a permanent fixture to the real property. Accordingly, the court found that the Certificate of Title to the mobile home could not have been effective to convey any interest in the mobile home because it had been annexed to the real property. The trial court also rejected Mefford's claim that Bryan had made a parol gift of the real property to her. The court entered an order of ejectment against Mefford and her daughter and a judgment in favor of O'Dell for $2,800 in back rent; however, having found that O'Dell was unjustly enriched by improvements made to the property by Mefford, the court entered a credit against the back rent award in the amount of $1,500. The trial court rejected Mefford's remaining claims for conversion, interference with electrical service, and equitable lien. Mefford brings three points on appeal.

▉▉▉ As in any court-tried case, in an action to quiet title we review the judgment under the trial court under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *McCord v. Gates*, 159 S.W.3d 369, 373 (Mo. App. W.D.2004). Accordingly, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* "'Our primary concern is the correctness of the trial court's judgment, not the route it took to get that result, and therefore, we will affirm the judgment if it is supported by any reasonable theory, even if different from that expressed by the trial court.'" *Stadium W. Props., L.L.C. v. Johnson*, 133 S.W.3d 128, 132 (Mo.App. W.D.2004) (quoting *SD*

*Invs., Inc. v. Michael–Paul, L.L.C.,* 90 S.W.3d 75, 81 (Mo.App. W.D.2002)).

■ In all three of her points on appeal, Mefford attacks the trial court's finding that she did not have fee simple title to the property based upon a purported parol gift of the property from Mr. Bryan to her in 1995. "In varying factual situations Missouri courts have upheld claims to ownership of land which were based upon the theory of parol gift." *Keen v. Dismuke,* 690 S.W.2d 822, 824 (Mo.App. S.D.1985). "In the typical case where the gift has been upheld, the donee, induced by a promise of the gift, has taken exclusive possession of the land and made valuable and permanent improvements, thereby rendering it inequitable for the donor to deny the gift or to rely upon the statute of frauds." *Id.* " 'In order that a parol gift of land may become effective and pass to the donee the equitable title thereto, it is necessary that possession should be taken under and pursuant to the parol gift.' " *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 390 (Mo.App. W.D.1984) (quoting *Kille v. Gooch,* 184 S.W. 1158, 1160 (Mo.1916)). "The evidence must ... show a delivery with the clear intent on the part of the donor to pass title immediately and to relinquish all control." *In re Estate of Petersen,* 295 S.W.2d 144, 150 (Mo.1956).

■ "A person claiming title to land by parol gift has the burden of proving the gift 'by clear and convincing testimony.' " *Keen,* 690 S.W.2d at 824 (quoting *Dalton v. Willis,* 360 Mo. 329, 228 S.W.2d 709, 711 (1950)). "[W]here a gift is not asserted until after a donor's death, it is viewed with some suspicion, and the requirement of clear and convincing proof to establish it is particularly applicable." *In re Estate of Petersen,* 295 S.W.2d at 150.

In her first point, Mefford claims that she established that Bryan had made a parol gift of the property to her in 1995 and that the trial court erroneously declared the law in concluding that she could not have obtained possession of that gift while Bryan still resided on the property. With regard to Mefford's claim of a parol gift, the trial court concluded:

Defendant Mefford also relies on *Ortmeyer v. Bruemmer,* 680 S.W.2d 384 (Mo.App. W.D.1984) to support her contention that her possession of the property along with an alleged oral gift of the property to her from James Bryan that coincided with the recording of the Certificate of Title to the 1971 Olympic Mobile Home, Vehicle Identification Number K6973 in 1995 was sufficient to vest title in the real estate to her. In part *Ortmeyer* states "[i]n order that a parol gift of land may become effective and pass to the donee the equitable title thereto, it is necessary that possession should be taken under and pursuant to the parol gift." *Id.* at 390 quoting *Kille v. Gooch,* 184 S.W. 1158, 1160 (Mo.1916). The *Ortmeyer* court further stated that where a party has been placed in possession of a tract of land and, on the faith of an oral gift of the same to him, has made valuable and lasting improvements thereon, this is a sufficient basis upon which the donee may compel a conveyance to him of such land. *Id.* at 390 quoting *Dozier v. Matson,* 94 Mo. 328, 332, 7 S.W. 268, 270 (Mo.1888).

Under the law set forth in *Ortmeyer,* possession of the property is a key requirement to later claim title to the property via an oral gift. While the evidence was certainly in dispute, Defendant Mefford introduced evidence that she resided on the property in question with James Bryan from 1994 to 1997. After moving out in 1997 Defendant Mefford did not attempt to repossess the real estate until July 18, 2004, approximately one month after James

Bryan's death on June 21, 2004. Mefford's co-habitation of the property with Bryan from 1994 to 1997 is not adequate to support her contention of possession. The act of residing upon the property with the legal owner of the property is not possession. Further, Mefford made no attempt to assert possession of the property for at least seven years, during which she contends she was the rightful owner of the property. Mefford may have attempted to assert possession over the property beginning on July 18, 2004, but by such time the ownership of the property had already vested in Plaintiff Charlsie O'Dell by way of the 1998 Beneficiary Deed. Defendant Mefford had constructive notice of O'Dell's claim to the property by way of the recorded Beneficiary Deed. Defendant Mefford further received notice of O'Dell's claim to the property by way of the letter posted at the property on July 28, 2004.

█ Contrary to Mefford's assertion on appeal, the trial court did not conclude, as a matter of law, that possession could never be accomplished where a former owner continues to reside on the premises. The court simply stated that evidence that someone had resided on a piece of property with the owner of the property did not, in and of itself, establish possession. While the court believed that Mefford had co-habitated on the property with Bryan for a period of time, it clearly did not believe that Bryan intended to gift the property to her or that she ever took possession and asserted control over the property prior to Bryan's death. "The trial court [was] vested with the discretion to believe or disbelieve all, part, or none of any witness' testimony." *McCord*, 159 S.W.3d at 373. Having found that much of Mefford's testimony was not credible, the court found that Mefford did not satisfy her burden of proving, by clear and convincing evidence, that she had taken possession of and asserted control over the property at issue.[1] The trial court did not misinterpret or misapply the law in rendering its findings and conclusions. Point denied.

In her second point, Mefford asserts that the trial court erroneously interpreted and applied the law by ruling against her on the basis that the conveyance to her was not filed with the county clerk. Mefford argues that the trial court improperly relied upon the requirements of the recording statute in determining that O'Dell's claim took priority over her own.

Again, Mefford misinterprets the judgment. The portion of the judgment referencing § 442.200 and § 442.130 relates to a claimed interest in the property by Amy Mefford Nash, Josh Crabtree, and Caleb Crabtree based upon a general warranty deed purportedly executed by Bryan in May 1995. After noting the requirements under these statutes, the trial court found that the warranty deed "failed in multiple respects to comply with the requirements of Missouri law" and that the deed was invalid.[2] Nothing in the judgment indi-

---

1. The trial court also found that "James Bryan did not sign the Assignment of Title section on Missouri Certificate of Title Number 2121578 at the time Mary Mefford's name was added and Defendant Mefford did not introduce any documentary evidence on James Bryan's acknowledgment, assent or agreement to Mary Mefford's name being added to said Assignment of Title or Certificate of Title for the 1971 Olympic Mobile Home." Thus, the trial court also appears to have questioned the evidence supporting Mefford's claim that Bryan intended to gift the property to her.

2. The court noted that the date was left blank, that the signature was not acknowledged on the face of the document and was not witnessed by any third parties, and that the deed was never recorded.

cates that the trial court relied upon either of these statutes or the fact that her purported interest in the property was never recorded in denying Mefford's claim of a parol gift. Point denied.

■ Finally, in her third point, Mefford contends that the trial court's finding that O'Dell was the owner of the property was against the weight of the evidence because Mefford had presented evidence of a parol gift of the property to her.

■ "We must exercise our power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and only with a firm belief that the decree or judgment is wrong." *Evans v. Wittorff*, 869 S.W.2d 872, 875 (Mo.App. S.D.1994). "The term 'weight of the evidence' means its weight in probative value, not the quantity or amount of evidence." *City of Kansas City v. New York–Kansas Bldg. Assocs., L.P.*, 96 S.W.3d 846, 861 (Mo.App. W.D.2002). "As the trier of fact, it is the trial court's function and duty to assess the weight and value of the testimony of each witness." *Legacy Homes P'ship v. General Elec. Capital Corp.*, 50 S.W.3d 346, 356 (Mo. App. E.D.2001). Thus, in determining whether a judgment is against the weight of the evidence, "we must give due regard to the trial court's opportunity to judge the credibility of the witnesses." *Evans*, 869 S.W.2d at 875. "[W]e view the evidence, along with all reasonable inferences, in the light most favorable to the trial court's judgment, and disregard all contrary evidence and inferences." *Thiel v. Miller*, 164 S.W.3d 76, 81 (Mo.App. W.D.2005).

As noted *supra*, Mefford bore the burden of proving that Bryan conveyed the property to her through a parol gift by clear and convincing evidence. *Keen*, 690 S.W.2d at 824. While asserting that the trial court's judgment was against the weight of the evidence, Mefford simply argues that "ample evidence of the parole [sic] transfer" was presented at trial and that this evidence would support a judgment in her favor. While Mefford points to testimony that might have been sufficient to support a judgment in her favor, the trial court was not required to accept any of that testimony as credible. *McCord*, 159 S.W.3d at 373. "Since the burden of proof was on [Mefford], if the trial court chose to disbelieve [her] evidence, it was not necessary that there be affirmative evidence to support the finding" that Mefford did not take possession of the property and that there was no parol gift. *In re Estate of Petersen*, 295 S.W.2d at 151.

Moreover, evidence presented at trial established that Bryan did not sign the assignment of title on the certificate of title relied upon by Mefford, that Bryan resided in the home the entire time that Mefford stayed there, that Bryan continued to reside in the home after Mefford left, that Bryan rented the property to a tenant after he moved out, and that Bryan executed a Beneficiary Deed in 1998 to transfer the property to O'Dell upon his death. All of that evidence tends to support a finding that Bryan did not give the property to Mefford and that she never took possession of the property. We are simply not left with the impression that the trial court's judgment was wrong. Point denied.

The judgment is affirmed.

All concur.