**THE BAR PLAN, Plaintiff/Appellant,**

v.

**William COOPER, et al., Defendants/Respondents.**

**No. ED 91848.**

Missouri Court of Appeals, Eastern District, Division Four.

June 23, 2009.

Brent W. Baldwin, Steven M. Wald, St. Louis, MO, for appellant.

John A. Kilo, H. Clay Billingsley, St. Louis, MO, for respondents.

KENNETH M. ROMINES, Judge.

### Introduction

This is a contract dispute between a pair of attorneys and their insurer. Attorneys William Cooper and Cynthia Bitting (Respondents) obtained a judgment from the trial court stating that Appellant The Bar Plan Mutual Insurance Company (TBP) was liable to Respondents to reimburse them for attorneys fees incurred during the appeal of an underlying case. The trial court found that the attorney TBP had appointed to represent Respondents acted as an agent for TBP in consenting to incur additional legal fees. Because we disagree that the attorney was an agent for Appellant, we reverse.

### Factual and Procedural Background

Respondents William Cooper and Cynthia Bitting are attorneys who were accused of fraud and conspiracy to defraud in an underlying case. TBP insured Respondents pursuant to a Professional Liability Insurance for Lawyers policy ("the contract") and appointed Joseph Devereux as defense counsel for the underlying case. TBP paid all of Devereux's legal fees directly during the course of his representation. During the underlying case, Respondents retained a personal attorney as well, Terry Good. Respondents paid Good's legal fees, and TBP was not involved in any

agreement between Respondents and Good.

The jury in the underlying case found that Respondents committed fraud and conspiracy to defraud. Respondents appealed that case, and TBP sent them a letter informing them that TBP would "continue to provide legal assistance to you in defending the case on appeal." Sometime later, Devereux informed Respondents that he was not an experienced appellate attorney and recommended they find another attorney to assist with the appeal. Respondents located former Missouri Supreme Court Justice John E. Bardgett and asked Devereux for his opinion regarding Bardgett. Devereux told Respondents that Bardgett was exactly the kind of attorney Respondents needed. Respondents hired Bardgett to handle the appeal in October 2002, and Devereux assisted in preparing for the appeal. Respondents paid Bardgett's fees directly and testified they intended to seek reimbursement from TBP, but they never informed TBP of their intention.

In July 2003, Devereux sent a letter to TBP containing a copy of the appellate brief and informing them that the bulk of it was prepared by "[Respondents'] personal counsel, Jack Bardgett." After the completion of the underlying case, Respondents sought to be reimbursed by TBP for the fees paid to Bardgett. TBP refused. The contract states:

> "If by mutual agreement ... a Named Insured assumes control of the defense before the applicable amount available as provided under the Limits of Liability is exhausted, the Company will reimburse that Insured for reasonable Defense Expenses, until the Company's duty to defend ends."

"Defense Expenses" included attorneys' fees in two situations:

> (1) "Fees charged by a lawyer designated by [TBP] to defend a Claim"; and (2)

> "Fees charged by a lawyer designated by an Insured to defend a Claim with the written consent of [TBP]."

Because TBP had never given written consent to Respondents to hire Bardgett, TBP maintained they were not obligated to reimburse Respondents for Bardgett's fees. Respondents filed an action to recover the fees, and the trial court disagreed with TBP, finding that Devereux, as an agent of TBP, had waived the contract's written consent requirement. The trial court ordered TBP to pay Respondents for 712 hours of Bardgett's work at the rate of $135.00 per hour.

TBP raises three points on appeal. First, TBP disputes whether Devereux was an agent of TBP such that he could obligate TBP under the contract to pay Bardgett's attorneys' fees. Second, TBP attacks Respondents' argument that regardless of the basis upon which the trial court relied, we can affirm because TBP waived the written consent requirement separate and apart from Devereux. Because we find these points to be dispositive, we do not reach the third point.

### Standard of Review

■ The existence of an agency relationship requires an assessment of the facts of each case and, for that reason, is regarded as "a question of fact to be determined by the jury when, from the evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship." *Johnson v. Bi-State Development Agency*, 793 S.W.2d 864, 867 (Mo. banc 1990). Whatever differing opinions are possible, they were resolved by the trial court as factfinder in this case. And we review that determination using the principles established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no sub-

stantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment. *Id.*

### Discussion

#### Agency

The trial court found that Devereux acted as TBP's agent in assisting Respondents in their search for appellate counsel, giving Respondents the impression that TBP approved of and would pay for Bardgett's legal services to Respondents. Thus, the court concluded, TBP is obligated under the contract to reimburse Respondents for Bardgett's legal fees. TBP argues that Devereux was at no time authorized to act as their agent and thus he did not have authority to bind TBP. We agree that Devereux was not authorized to act as TBP's agent.

To establish a principal-agent relationship, Respondents had to show that (1) TBP consented, expressly or impliedly, to Devereux's acting on TBP's behalf, and (2) Devereux was subject to TBP's control. *See Wray v. Samuel U. Rodgers' Community Health Center, Inc.,* 901 S.W.2d 167, 170 (Mo.App. W.D.1995). The principal must intend that the agent acts for him, and the agent must intend to accept the authority and act on it. *Id.* The authority may be actual or apparent. *Nichols v. Prudential Ins. Co. of Am.,* 851 S.W.2d 657, 661 (Mo.App. E.D.1993).

Here, in its section discussing changes to the agreement between the parties, the contract contains an express provision concerning agency: "Defense counsel are not agents of [TBP]." Devereux was Respondents' defense counsel at trial, thus he was not authorized to make changes to the contract. The contract required that Respondents obtain written authorization from TBP in order to insure

counsel of their choice, and Devereux was not authorized to change that provision of the contract. Respondents argue that Devereux merely waived a provision of the contract, rather than changing it, and thus the express non-agency provision does not apply to this situation. We see no justification for this distinction in our precedent, and Respondents cite none. Therefore the contract itself establishes that Devereux could not change the written consent requirement contained therein.

Respondents next argue that, regardless of any express designation in the contract, TBP's representations to Respondents establish Devereux had authority to act as an agent of TBP. *See Bd. of Trade v. Hammond Elevator Co.,* 198 U.S. 424, 437–38, 25 S.Ct. 740, 49 L.Ed. 1111 (1905) (finding agency relationship despite label in contract as independent contractor). Here we must look to whether TBP acted in such a way as to give Devereux actual or apparent authority as an agent of TBP, notwithstanding the contract provision. Actual authority consists of a principal telling his agent expressly what to do and of implied powers that go along with authority expressly granted. *Nichols,* 851 S.W.2d at 661 (citing *Barton v. Snellson,* 735 S.W.2d 160, 162 (Mo.App. E.D.1987)). Apparent authority exists where a principal's manifestations to a third party have created a reasonable belief in the third party that an agent is acting for the principal, or where the principal is fully aware that another is acting as his agent but does nothing to correct the misconception. *Id.* at 661–62. "To determine the existence and scope of apparent authority, the focus is on a third person." *Barton,* 735 S.W.2d at 162.

It is clear here that Devereux did not have actual authority because there is no evidence of any instance in which TBP told Devereux what to do or that he had power

to change provisions of the contract. Alternatively, Respondents cite two pieces of evidence supposedly establishing apparent authority. The first is a letter that TBP sent to Respondents, designating Devereux as Respondents' defense attorney. In this letter, TBP said Respondents should "feel free to contact [Devereux] with any questions [Respondents] ha[d] regarding [their] defense." Respondents argue that the letter created a reasonable belief on behalf of Respondents that Devereux was TBP's agent. We see no indication here that this letter authorized Devereux to make decisions and waive contract provisions on behalf of TBP. Rather, this letter indicates that Respondents should speak to their attorney about their case—precisely the natural communication clients and attorneys should have regarding representation, and precisely the scope of conversation for which TBP appointed Devereux. This simply is not a manifestation by TBP to Respondents that could create a reasonable belief on the part of Respondents that Devereux is acting as an agent of TBP with authority.

■ Second, Respondents point out that when Devereux billed TBP for his legal fees, it was clear that he was not the primary lawyer handling the appeal because he billed very few hours. Respondents couple these bills with the July 2003 letter that Devereux sent to TBP informing TBP that Respondents had hired Bardgett as their "personal counsel" for the appeal. They argue that this meant TBP was fully aware that Devereux had acted as TBP's agent in waiving the written consent provision, and TBP did nothing in response, thus creating apparent authority for Devereux.

We disagree. Respondents had hired uninsured personal counsel at the trial level; TBP had no reason to think this situation was different, especially given Bardgett's designation in the letter as "personal counsel." The fact that only a small number of hours were billed for Devereux is consistent with that and does nothing to signify that TBP knew Devereux was acting as an agent but did nothing to correct the misconception. Devereux himself testified that he at no time thought he was the agent of TBP or intended to act as TBP's agent. Significantly, TBP told Devereux to stay out of any contract dispute between TBP and Respondents and simply to represent their legal interests in the underlying case.

Therefore, we find that Devereux was not an agent of TBP and could not have waived the provision in the contract requiring that any counsel hired by Respondents must be approved in writing by TBP in order to be covered. The trial court's finding of an agency relationship was not supported by substantial evidence.

### Waiver by TBP

■ Our standard of review requires that if we could affirm the trial court's actions on any basis, even if it was not the one relied on by the trial court, then we should affirm. *O'Dell v. Mefford*, 211 S.W.3d 136, 138 (Mo.App. W.D.2007). Respondents argue that even if Devereux was not the agent of TBP, TBP in its own right waived the written consent requirement. In order for a party to waive a right under a contract, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible. *Investors Title Co. v. Chicago Title Ins. Co.*, 983 S.W.2d 533, 538 (Mo.App. E.D.1998).

The only notice TBP received of the Bardgett's involvement in the case was Devereux's letter calling Bardgett a personal attorney of Respondents. There was no request that he be designated by TBP to be Respondents' attorney, nor is there

any evidence that TBP had any way of knowing Respondents would be seeking reimbursement of his fees. Respondents argue that based on the disparate billing amounts of Devereux and Bardgett and the fact that TBP did nothing upon knowing Bardgett had been hired, TBP manifested intent to waive the written consent requirement. There is an equally plausible explanation for this: TBP considered Bardgett a personal uninsured attorney of Respondents based on the wording of Devereux's letter and past practice of Respondents. There is simply no substantial evidence supporting manifest relinquishment of TBP's right under the contract to require written consent before they would be obligated to reimburse Respondents. We cannot affirm the trial court on this basis.

### Conclusion

There was no substantial evidence to support the trial court's finding that Devereux was the agent of TBP. We also find no substantial evidence that TBP waived its written consent requirement. Therefore, because Respondents did not obtain TBP's written consent to hire Bardgett, TBP was not obligated to reimburse Respondents for Bardgett's legal fees. We remand to the trial court with instructions to enter judgment in favor of TBP.

REVERSED AND REMANDED.

KATHIANNE KNAUP CRANE, P.J., and MARY K. HOFF, J., concur.